IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA K. SCOTT,

    Plaintiff,

    v.                                                 Civil Action No. 2:04-CV-63

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

**PER REMAND**
**MEMORANDUM, OPINION and REPORT AND RECOMMENDATION**
**SOCIAL SECURITY**

**I. Introduction**

Plaintiff, Linda K. Scott, (Claimant), filed her Complaint on August 26, 2004, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] Commissioner filed her Answer on November 5, 2005.[2] Claimant filed her Motion for Remand for Full Development of Record on April 11, 2005.[3] Claimant filed her Motion for Summary Judgment and Brief in Support Thereof on April 15, 2005.[4] Commissioner filed her Motion for Summary Judgment and Brief in Support Thereof on January 18,

---

[1] Docket No. 1.

[2] Docket No. 6.

[3] Docket No. 11.

[4] Docket No. 12.

2005.[5] The Undersigned filed a Recommendation on September 1, 2005.[6] Claimant filed objections on September 15, 2005.[7] The Honorable Robert E. Maxwell remanded the action to the Undersigned on September 30, 2005[8] for further consideration of the issues raised by Claimant in her objections.

## II. Facts

Claimant's Objections and Exceptions to Magistrate Report and Recommendation:

1. The ALJ erred in disregarding Claimant's right eye blindness as a "severe" impairment;

2. The ALJ did not properly evaluate Claimant's subjective symptoms and credibility;

3. The ALJ erred by posing an inadequate and incomplete hypothetical to the Vocational Expert;

4. This Court erred in denying Claimant's motion for a remand to develop the record; and,

5. Claimant requests that the Court take judicial notice of the decision, dated September 7, 2005, wherein Claimant was found disabled.

## III. Recommendation

### 1. Combined Impairments

Claimant contends that the ALJ erred because she did not consider the combined impact of Claimant's limitations, including her right eye blindness.

"Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered 'without regard to whether any such impairment if considered

---

[5] Docket Nos. 8 and 9.

[6] Docket. No. 17.

[7] Docket No. 18.

[8] Docket. No. 19.

2

separately' would be sufficiently severe." Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989) (citations omitted). "[T]he Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. Id. "[T]he ALJ must adequately explain his or her evaluation of the combined effects of the impairments. Id.

In determining Claimant's residual functional capacity, the ALJ included limitations related to all of Claimant's impairments. The ALJ specifically found that "claimant has severe impairments of obesity, lumbar strain and degenerative disc disease, with chronic pain, depression and anxiety"and non-severe history of congenital blindness in the right eye. (Tr. 25, 32).

Additionally, the ALJ's opinion indicates that she did, in fact, consider whether Claimant was limited in her residual functional capacity as a result of blindness in her right eye and concluded that Claimant's blindness in the right eye was "not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part §404, Appendix 1, Subpart P, Regulations No. 4." (Tr. 24). Claimant testified that she lost vision in her right eye at or near birth, but has adjusted and is able to perform normal activities, including driving. (Tr. 474).

The ALJ also considered Claimant's credibility and found her not fully credible. (Tr. 30). After considering Claimant's impairments, her daily activities and credibility, the ALJ determined that Claimant retains the residual functional capacity to perform sedentary work with sit or stand option and occasional postural movements at a low stress level (Tr. 32). Therefore, the ALJ did consider the combination of Claimant's impairments, including Claimant's right eye blindness, in assessing her ability to work.

2. Pain analysis

Claimant contends that the ALJ improperly applied SSR 96-7p when he analyzed Claimant's complaints of pain. The Court finds that the ALJ did not err in applying SSR 96-7p. Pursuant to <u>Craig. v. Chater</u>, 76 F.3d 585 (4th Cir. 1996), an ALJ must first consider whether Claimant has demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged. <u>Id</u>. at 593. Here, the ALJ found that Claimant had impairments that could have caused the pain described by Claimant. (Tr. 30). Although Claimant asserts that the ALJ failed to "identify which of the impairments, if any, [the ALJ] was considering in her pain analysis," (Cl.'s Objections at 4), the ALJ specifically found that Claimant's "severe" impairments included obesity, lumbar strain and degenerative disc disease with chronic pain, an adjustment disorder with depression and anxiety. (Tr. 25, 32). The ALJ also found that Claimant had non-severe history of congenital blindness in the right eye. (Tr. 25, 32). Second, the ALJ must consider Claimant's subjective allegations of pain in light of the entire record, including medical history, medical signs, laboratory findings and statements about how Claimant's symptoms affect her. <u>Craig</u> at 593. The ALJ considered Claimant's subjective complaints in light of the entire record. (Tr. 32). Accordingly, the standards set in <u>Craig</u> have been met, and the ALJ did not err in evaluating Claimant's subjective complaints of pain.

### 3. Vocational Expert Hypothetical

Claimant alleges that the hypothetical question propounded to the VE did not accurately account her medical limitations. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. The scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the court's judgment for that of the Secretary. <u>Hays v. Sullivan</u>, 907

F.2d 1453, 1456 (4th Cir. 1990).

In the present case, the hypothetical directly tracks the RFC finding. The Fourth Circuit Court of Appeals has held, albeit in unpublished opinion, that while questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record. Russell v. Barnhart, No. 02-1201, 2003 U.S. App. LEXIS 2178 (4th Cir. Feb. 7, 2003). The court further stated that the hypothetical question may omit non-severe impairments, but must included those that the ALJ finds to be severe. Id. Finally, the ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at * 5 (4th Cir. Jan. 11, 1999).

In the present case, the hypothetical was based directly on the ALJ's findings at the fourth step of the disability evaluation and addressed all of Claimant's limitations supported by the record. These findings were based on the ALJ's comprehensive review of the objective medical evidence, functional assessments of consulting and treating physicians and Claimant's account of her daily activities. In this case, the ALJ's hypothetical question contained all of Claimant's limitations supported by the record and, therefore, the ALJ posed a proper hypothetical question to the Vocational Expert.

4.  Supplemental Hearing and Motion for a Remand to Develop the Record

Claimant asserts that the Court erred in denying Claimant's request for a supplemental hearing and her motion for a remand to develop the record.

The Social Security regulations provide that, when it is reasonably necessary for the full presentation of a case, an ALJ may, on his own initiative or at the request of a party, issue

5

subpoenas for the appearance and testimony of witnesses. 20 C.F.R. §§ 404.950 (d)(1), 416.1450(d)(1)(2004). The permissive language of the regulations indicates that the ALJ has the discretion to determine when cross-examination at a supplemental hearing is needed. Contrary to Claimant's contention, she was given the opportunity to rebut Dr. Stein's report through written means by submitting comments, statements, additional records, and questions to be sent to Dr. Stein. Moreover, when Claimant became aware of the ALJ's reliance on Dr. Stein's report, she could have presented any additional rebuttal evidence for review by the Appeals Council. Fourth Circuit case law requires the Appeals Council to review any additional evidence if it is new, relates to the period before the ALJ's decision, and "if there is a reasonable possibility that the new evidence would have changes the [ALJ's decision]." Wilkins v. Secretary, Dept. of Health and Human Sevices, 953 F.2d 93, 96 (1991). Although Claimant had an opportunity to submit rebuttal evidence, she failed to do so.

With respect to Claimant's motions for a remand, this review is limited to a determination as to whether there is substantial evidence to support Commissioner's final decision. If the substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The Undersigned finds that there is substantial evidence to support the ALJ's decision and, therefore, further proceedings are unnecessary.

### 5. Subsequent Award of Disability

Since Claimant was denied benefits, she has been awarded disability benefits in a subsequent proceeding. Claimant asserts that "[h]er onset of disability was June 21, 2003, one day after ALJ Gibbs found Claimant not disabled in the case now before the Court. Without any

6

intervening incident of trauma, this finding begs the question of how Mrs. Scott could have not been disabled on June 20, 2003 as well." (Cl.'s Objections at 7).

"SSA treats a claimant's second or successive application for disability benefits as a claim apart from those earlier filed, at least to the extent that the most recent application alleges a previously unadjudicated period of disability." Albright v. Comm'r, 174 F.3d 473, 476 (4th Cir. 1999). "To the extent that a second or successive application seeks to relitigate a time period for which the claimant was previously found ineligible for benefits, the customary principles of [claim] preclusion apply with full force." Id. The role of the District Court is to address whether the ALJ has analyzed all of the relevant evidence and sufficiently explained his rationale in crediting certain evidence in conducting the "substantial evidence inquiry." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). The District Court's role is to review "the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999).

Claimant's subsequent award of benefits is separate and apart from the alleged disability dates in this case. This Court is limited to the period of alleged disability in reviewing the ALJ's decision and may not be influenced by a subsequent award of benefits. Therefore, Claimant's subsequent award of disability is irrelevant to this case.

For the foregoing reasons, I recommend that Claimant's Motion for Summary Judgment

and Claimant's Motion for a Remand be **DENIED** and that Commissioner's Motion for Summary Judgment be **GRANTED** because the ALJ was substantially justified in her decision.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: February 9, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE