IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA K. SCOTT,

    Plaintiff,

v.                                  CIVIL ACTION NO. 2:04-CV-63

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## PROPOSED MEMORANDUM OPINION AND ORDER

Plaintiff, Linda K. Scott, instituted this action on August 26, 2004 seeking judicial review pursuant to 42 U.S.C. Section 405(g) of an adverse final decision dated 6/20/03 by Defendant, Commissioner of Social Security. Commissioner filed her Answer with Administrative Transcript on November 5, 2005 [Document 6]. On 1/18/05 the Defendant filed a Motion for Summary Judgment and supporting Memorandum [Documents 8 & 9]. On 4/4/05 Plaintiff filed a Motion for Leave to File Motion for Summary Judgment and Brief Out of Time [Document 10] ,on 4/11/05, a Motion to Remand for Full Development of the Record [Document 11], and on 4/15/05 a Motion for Summary Judgment and supporting Memorandum [Document 12]. On 5/17/05 Magistrate Judge John Kaull granted leave to the Plaintiff to file Out of Time [Document 15]. On 8/8/05 the Plaintiff's Motion to Remand and the Motions for Summary Judgment filed by the parties were referred to Magistrate Judge James E. Seibert [Document16].

On 9/1/05 Magistrate Judge Seibert filed a Report and Recommendation [Document 17]. Plaintiff had contended that the ALJ's decision was not supported by substantial evidence because the ALJ: (1) erred in failing to consider left eye "blindness" as severe, particularly in

Page 1 of 8

light of the jobs the ALJ identified that Plaintiff could perform; (2) erred in failing to include all of plaintiff's limitations when assessing her RFC; (3) did not perform a proper credibility analysis of plaintiff's subjective complaints of pain; (4) relied upon an inadequate and incomplete hypothetical question posed to the VE; and (5) erred in disregarding the limitations in the MRFC of Cardinal Psychological Services in favor of Dr. Thomas Stein, the consulting examiner and that the ALJ proffered Dr. Stein's post-hearing consultative examination into the record without granting to the plaintiff a supplemental hearing, and improperly disregarded the opinion of Dr. Mitchell, one of the treating physicians. The Commissioner argued that the ALJ's decision was supported by substantial evidence and (1) the ALJ properly determined that Plaintiff retained the RFC to perform sedentary work; (2) that the ALJ properly rejected Dr. Mitchell's opinion and that of Cardinal Psychological Services on a "check-off" form, both of which suggested that Plaintiff was disabled.

The Magistrate Judge recommended that the Court find : (1) that the ALJ did consider the combination of Plaintiff's impairments, including right eye blindness and alleged loss of vision of the left eye; (2) that the ALJ considered the plaintiff's limitations in combination; (3) that the ALJ's credibility analysis complied with the requirements of **Craig v. Chater, 76 F. 3d 585 (4th Cir. 1996)**; (4) that the ALJ posed a proper hypothetical question to the vocational expert which was based on Plaintiff's RFC, which took into account all of Plaintiff's limitations; (5) and (7) that the ALJ did not err in failing to give controlling weight to the opinion of Dr. Mitchell and any significant weight to the PRT and MRFC of Cardinal Psychological Services; and (6) that the ALJ did not err in denying Plaintiff's request for a supplemental hearing after proffer of Dr. Stein's post-hearing consultative examination and Plaintiff was not thereby denied

a "full and fair hearing", and Plaintiff had the opportunity to submit rebuttal evidence to the Appeals Council and did not. The Magistrate Judge recommended that the Plaintiff's Motion for Summary Judgment be DENIED and the Defendant's Motion for Summary Judgment be GRANTED. The Magistrate Judge further recommended that the Plaintiff's Motion to Remand for further development of the record should be DENIED because substantial evidence supported the ALJ's decision and no further proceedings were necessary.

On 9/15/05 Plaintiff filed Objections and Exceptions to the Magistrate Judge's Report and Recommendation [Document 18]. Plaintiff objected to the Magistrate Judge's Report and Recommendation wherein he recommended (1) that the ALJ did not err in failing to find Plaintiff's right eye blindness a "severe" impairment which was considered in combination with Plaintiff's other impairments; (2) that the ALJ had performed a proper credibility analysis pursuant to **Craig** and **SSR 96-7p**; (3) that the ALJ had proposed a proper hypothetical question based upon an RFC which included all of Plaintiff's impairments; (4) that the ALJ did not err in denying to the plaintiff a supplemental hearing after proffer of Dr. Stein's post-hearing consultative evaluation; and (5) that the Commissioner on a subsequent application had found the plaintiff disabled with an onset date one day after the ALJ had found that she was not disabled, without any intervening incident or trauma and had determined that right eye blindness was found to be a "severe" impairment.

The matter was REMANDED by the Court to Magistrate Judge Seibert on 9/30/05 [Document 19] for further consideration of the matters raised in the plaintiff's Objections.

On February 9, 2006 Magistrate Judge Seibert filed a Per Remand Memorandum, Opinion and Report and Recommendation Social Security [Document 20] in which he again

recommended (1) that the ALJ did consider the combined impact of plaintiff's impairments, including right eye blindness and properly found that right eye blindness was non-severe, did not meet or equal any listing, and did not pose limitations affecting plaintiff's RFC; (2) that the ALJ performed a credibility analysis which met the standards under **Craig**; (3) that the ALJ's hypothetical question to the VE reflected those impairments supported by the record and included all impairments the ALJ found severe and was therefore proper; (4) that the permissive language of the Commissioner's regulations of **20 C.F.R. 404.950 (d)(1), 416.1450(d)(1)(2004)** indicated that the ALJ had the discretion to determine when cross-examination at a supplemental hearing is needed, that there was substantial evidence to support the ALJ's decision, and further proceedings were unnecessary; and (5) that the subsequent award of benefits was irrelevant to the case at bar. The Magistrate Judge again recommended that the plaintiff's Motion for Summary Judgment and Motion for remand be DENIED and Defendant's Motion for Summary Judgment be GRANTED.

Plaintiff again filed Objections [Document 21] to the Per Remand Memorandum, Opinion and Report and Recommendation of the Magistrate Judge. (1) Plaintiff objected to the recommended findings that the ALJ had properly found right eye blindness "not severe" and had properly considered the combination of the plaintiff's impairments at all steps of the sequential evaluation process. Plaintiff argued that the failure to consider right eye blindness severe and the failure to include limitations from right eye blindness in the RFC and to include these in the hypothetical question to the VE had resulted in the vocational expert identifying jobs which required good visual acuity and would be expected to cause a strain upon plaintiff's only good eye: type copy examiner, Laminator I, and document preparer for microfilm. Further, plaintiff

alleged that the Magistrate Judge had failed to reconcile the ALJ's finding in the current case with the recent decision of the Commissioner finding the right eye blindness severe, when the condition had existed since or near birth. (2) Plaintiff objected to the recommendation that the ALJ had performed a proper credibility analysis and argued that the ALJ had not performed a proper Step One credibility finding and had failed to evaluate all of the correct factors of the Step Two analysis, omitting such pertinent facts as that plaintiff had gained fifty pounds since becoming disabled due to inability to exercise; that she was prescribed Methadone, synthetic morphine, for pain as well as Celebrex and Flexeril for muscle spasms, Celexa and then generic Prozac. Plaintiff testified that the medications made her drowsy and caused some dizziness. She needed help with some grooming. She lay down flat on the floor sometimes with her knees up in a chair seat to try to sleep or lay on an air mattress on the floor. She sat in a recliner during the day at intervals when trying to perform chores around the house. She could not shop for more than one half hour because she could not stand walking on hard floors. She fell asleep in the afternoons while watching television but had difficulty sleeping at night. Plaintiff argued that the ALJ did not discuss these allegations nor the information in the record which supported them. (3) Plaintiff objected to the recommendation wherein the Magistrate Judge found that the ALJ's hypothetical question was proper. Plaintiff asserted that the Magistrate Judge's reasoning was circular and non-responsive to the issue when he proposed that the hypothetical question was proper because it tracked the ALJ's RFC finding. Plaintiff argued that the ALJ's RFC finding failed to include any limitations due to pain that would affect her ability to sustain the functions of a sedentary job, which RFC was not supported by the record. Plaintiff had also argued above that the hypothetical question was incomplete with regard to right eye blindness. (4) Plaintiff

objected to the Magistrate Judge's recommendation that the ALJ had discretion to determine whether a supplemental hearing is needed. Plaintiff argued that plaintiff had an absolute right to a supplemental hearing when new evidence was proffered by the ALJ after a hearing and plaintiff cited **HALLEX I-2-7-30 (H)** under **Proffer Procedures**, that "The ALJ must address proffer comments in the rationale of the written decision" and "if the claimant requests a supplemental hearing, the ALJ must grant the request." Plaintiff argued that the ALJ had not addressed the proffer comments and had not granted a supplemental hearing, which should justify an automatic remand. (5) Plaintiff objected to the recommendation that the favorable decision on the subsequent application finding Plaintiff disabled one day after the final decision in issue herein was irrelevant. Counsel cited **Reichard v. Barnhart, 285 F. Supp. 2d 728, at 733 (S.D.W.Va. 2003)** in which the District Court found that the Commissioner's finding in a subsequent application that plaintiff became disabled within a week of the earlier decision finding him not disabled constituted new and material evidence warranting a remand.

### Findings of the Court

Pursuant to 28 U.S.C. Section 636(b)(1)(C) this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. After reviewing the entire administrative record, the original Report and Recommendation of the Magistrate Judge [Document 17], the subsequent Per Remand Memorandum, Opinion and Report and Recommendation [Document 20], and Plaintiff's original Objections [Document 18] and subsequent Objections [Document 21], the Court makes the following findings:

1. **The Court finds** that there is no substantial evidentiary support for the ALJ's failure to find right eye blindness a "severe" impairment, to include limitations due to right eye blindness in the

RFC, and to include limitations in the hypothetical questions to the VE. The Court notes that the Commissioner on a subsequent claim has found that right eye blindness is a severe impairment.

2. **The Court finds** that the credibility analysis of the Commissioner's ALJ did not satisfy the requirements of **Craig v. Chater** (Supra) and is not supported by substantial evidence when the ALJ failed to find at Step One that the Plaintiff had presented objective evidence of medical impairments reasonably likely to produce the pain and limitations complained of, and failed to perform a proper Step Two analysis, when she did not consider all of the factors listed in **SSR 96-7p** which must be considered at Step Two, and ignored much evidence favorable to the plaintiff pertaining to these factors, such as prescription medication, e.g. Methadone, synthetic Morphine, needed for pain control to allow Plaintiff to perform ordinary daily activities.

3. **The Court finds** that the hypothetical question posed to the vocational expert by the Commissioner's ALJ was not supported by substantial evidence when it failed to include any limitations due to right eye blindness and failed to address the presence of pain which Plaintiff would be expected to experience at the sedentary exertional level, and thus, the Commissioner has failed to carry the burden of proof that there are alternative jobs that the Plaintiff can still perform.

4. **The Court finds** that the Commissioner's ALJ improperly failed to comply with the provisions of **HALLEX I-2-7-30 (H)** and failed to hold a supplemental hearing at the plaintiff's request after the ALJ's proffer of a post-hearing report of consultative examination. This is a mandatory duty, if a hearing is requested by the Claimant, and the failure to grant a supplemental hearing herein justifies an automatic remand.

5. **The Court finds** that the favorable decision of the Commissioner on Plaintiff's subsequent

claim finding her disabled with an onset date of disability one day after the ALJ's final decision herein constitutes new and material evidence justifying a remand where there are no intervening circumstances to suggest a reason why the Plaintiff would be considered not disabled on one day and disabled on the next; apparently the Commissioner awarded disability to the plaintiff based upon the same impairments suffered during the period covered by the current claim. The Court finds persuasive and adopts the reasoning of the Court in **Reichard v. Barnhart, 285 F. Supp 728, at 733 (S.D.W.Va. 2003)**, cited by the Plaintiff.

It is therefore ORDERED that the final decision of the Commissioner dated 6/20/03 is hereby REVERSED, the Motion for Summary Judgment of the Defendant is DENIED, and the Motion for Summary Judgment and Motion to Remand of the Plaintiff are hereby GRANTED.

It is further ORDERED that this matter be REMANDED to the Commissioner for further action consistent with the findings of the Court. This Order pertains to the period prior to the Commissioner's final decision of 6/20/03 on the claim before the court and does not disturb the Commissioner's favorable determination on the plaintiff's subsequent application.

The Clerk is directed to transmit copies of this order to Counsel of record herein.

ENTER: September 28, 2007,

United States District Judge